## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMERICANS FOR IMMIGRANT JUSTICE, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION

No. 19-_____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking disclosure of records and policies of the United States Immigration and Customs Enforcement ("ICE"), a division of the United States Department of Homeland Security ("DHS"), related to those individuals who turn 18 years of age while in the custody of the Office of Refugee Resettlement ("ORR")(referred to herein as "age-outs").

2.  Americans for Immigrant Justice, Inc. ("AI Justice") seeks declaratory, injunctive, and other appropriate relief with respect to Defendants' unlawful withholding of the requested records.

3.  ICE is responsible, among other duties, for enforcing immigration laws in the interior of the country and has authority to identify, arrest, and, in certain cases, remove adult individuals who are determined to have entered the United States illegally. Through its office of

Enforcement and Removal Operations (ERO), ICE detains and manages individuals in custody until a final decision of removability or releasability is made by an immigration judge.

4. When a child is determined to be an "unaccompanied minor" under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), he or she is transferred to ORR custody and assigned to a case manager who works to reunify the child with family members or friends in the United States who are capable of caring for them during the pendency of their removal proceedings.

5. While in ORR custody, unaccompanied minors also have access to legal service providers who provide them with Know Your Rights presentations and legal screenings, and who advise them with respect to their custody and removal. AI Justice is one such legal service provider serving four ORR shelters in the South Florida area.

6. If a child in ORR custody turns 18 before he or she is reunified with a sponsor in the United States, they "age out" of ORR custody and are placed in the custody of ICE and transferred to an adult detention facility

7. In 2013, Congress enacted a statutory provision to address the placement of unaccompanied immigrant children who have turned 18 and been transferred out of ORR and into ICE custody. 8 U.S.C. § 1232(c)(2)(B). This provision requires that ICE "shall consider placement" of such 18-year-olds "in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight." *Id*. Furthermore, these children are eligible to "participate in alternative to detention programs . . . which may include placement of the alien with an individual or an organizational sponsor, or in a supervised group home." *Id.*

8. In April of 2018, AI Justice began monitoring the children who age out of the four ORR shelters in South Florida. From April 2018 to the time of filing this action, at least 137 eighteen-year-olds in South Florida ORR shelters were taken to ICE detention facilities on their 18th birthday.

9. In the time that AI Justice has been monitoring the placement of ORR age-outs in South Florida, AI Justice is not aware of any children being placed in a setting less restrictive than ICE detention upon their transfer from ORR custody.

10. It is ICE's contention that the statute merely requires that ICE consider those placement options provided and coordinated by the child, or their counsel, on the date of their 18th birthday. Declaration of Supervisory Detention and Deportation Officer Simone Lee-Fatt at ¶10, *A-O-F-B- v. Agudelo, et. al.*, No. 0:19-cv-61530-WPD (S.D. Fla., June 2, 2019), ECF No. 7-1. ICE further contends that they are not able to do any planning whatsoever in advance of a child's 18th birthday and that they lack jurisdiction until the child turns 18. *Id.* at ¶6.

11.

12. Mellissa Harper, Chief of the Juvenile and Family Residential Management Unit ("JFRMU") for ERO, stated that ICE implemented a checklist on October 17, 2018 along with protocols for tracking age-outs and guidance made available to ICE officers in the JFRMU with the putative aim of implementing Section 1232(c)(2)(B). Deposition of Mellissa Harper at 16, *Garcia Ramirez v. ICE*, No. 1:18-cv-00508-RC (D.C. Cir., Apr. 1, 2019), ECF No. 140-2.

13. Despite ICE's purported efforts to implement the statute, according to AI Justice records, all of the children who age out of the four South Florida shelters have been detained on their 18th birthdays since AI Justice started monitoring the issue in April 2018. *See* Sworn

Declaration of Lisa Lehner, *A-O-F-B- v. Agudelo, et. al.*, No. 0:19-cv-61530-WPD (S.D. Fla., July 9, 2019), ECF No. 8-2.

14. Based upon the pattern and practices of ICE in the Miami Field Office that appear to depart from those promulgated by headquarters, AI Justice submitted a FOIA request on January 9, 2019 seeking records related to ICE's policies and process in Miami for making custodial determinations for children who age out of ORR custody.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this Complaint and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331 and 1361. The Court's review of this matter is *de novo*.

16. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff AI Justice's principal place of business is located in the Southern District of Florida.

17. Declaratory and further necessary and appropriate relief is authorized pursuant to 28 U.S.C. §§2201-2202 and Rule 57, Federal Rules of Civil Procedure, Fed. R. Civ. P. 57.

18. Plaintiff AI Justice has exhausted any and all administrative remedies in connection with its FOIA request and appeal.

## PARTIES

19. Plaintiff AI Justice is a non-profit organization with its principal place of business located at 6355 NW 36th Street, Suite 2201, Miami, FL 33166. AI Justice is a legal assistance organization dedicated to promoting the basic human rights of immigrants of all nationalities through public education, advocacy, and impact litigation since 1996. AI Justice champions the rights of unaccompanied immigrant children, advocates on behalf of victims of domestic violence

and human trafficking, serves as a watchdog on immigration detention practices and policies, and speaks for immigrants who have particular and compelling claims to justice.

20. Defendant DHS is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f). DHS is responsible for enforcing federal immigration laws. DHS has possession and control over the records sought by AI Justice.

21. Defendant ICE is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). Among other duties, ICE is responsible for enforcing immigration laws throughout and in the interior of the United States, including detaining non-citizens who enter without authorization and operating detention facilities for that purpose. ICE has possession and control over the records sought by AI Justice.

## STATEMENT OF FACTS

22. On January 9, 2019, AI Justice submitted a FOIA request to ICE seeking:

1. All guidelines, directives, rules, policies, procedures, memoranda, reports, correspondence, communications or other documents that relate to the custody decisions pertaining to "age-outs" subject to the 8 U.S. Code § 1232 (c)(2)(B) within the Miami Field Office area of jurisdiction from October 1, 2018 to present.

2. All policies, memoranda, correspondence, and other documents related to an October 17, 2018 ICE policy requiring documentation of Title 8 U.S. Code § 1232 (c)(2)(B) decisions made by ICE regarding the manner of detention or release from detention of formerly unaccompanied minors who have turned 18 while in the custody of ORR, hereinafter referred to as "age-outs".

3. All documents uploaded since October 1, 2018 to a SharePoint page created for the purpose of documenting ICE officers' considerations of the less restrictive setting for each "age-out" within the Miami Field Office area of jurisdiction pursuant to Title 8 U.S.C. § 1232 (c)(2)(B) including the form in which age out custody decisions are made and documented.

    4. All guidelines, directives, rules, policies, procedures, memoranda, reports, correspondence, communications or other documents that relate to the number of age-outs transferred from ORR custody to ICE detention facilities within the jurisdiction of the Miami Field Office of ICE from October 1, 2018 until the present.

*See* Exhibit A.

22. The FOIA request identified four separate categories of records sought and specified a narrow and relevant time period of documents dated between October 1, 2018 and the present, inclusive. Exhibit A.

23. Each sub-section of the FOIA requests a reasonably described the category of records sought and included sufficient information to allow ICE to conduct a reasonable search for responsive documents, as required by 5 U.S.C. § 552(a)(3)(A). *Id.*

24. AI Justice's FOIA request also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(iii). *Id.*

25. On February 14, 2019 AI Justice received an acknowledgment letter confirming receipt of its FOIA request and was advised that ICE was invoking a permissible ten-day extension within which to respond, due to the high volume of FOIA requests received at that time. Exhibit B. AI Justice was further informed that its fee waiver request had been denied. *Id.*

26. After several weeks with no response from ICE, on April 4, 2019, AI Justice filed an administrative appeal of ICE's constructive denial of its FOIA request by failing to respond, and a restatement of its request for a fee waiver. Exhibit C.

27. The ICE Office of the Principal Legal Advisor ("OPLA") issued an acknowledgment notice on April 12, 2019. Exhibit D.

28. On May 8, 2019, AI Justice received ICE OPLA's "final" response to its appeal. Exhibit E. In this response, ICE stated that in many instances, an agency cannot meet the statutorily

required 20 to 30-day deadline citing, "a high volume of requests, resource limitations, or other reasons." *Id.* ICE remanded the appeal to the ICE FOIA Office for the completion of processing, "including tasking to the appropriate agency/office(s) to obtain any responsive documents, and a direct response to you." *Id.*

29. As of the date of the filing of this Complaint, AI Justice has received no substantive response since ICE OPLA remanded AI Justice's appealed FOIA request back to the ICE FOIA Office for processing and re-tasking nearly three months ago, as of May 8, 2019.

30. AI Justice has exhausted administrative remedies as ICE failed to timely respond to its FOIA request and appeal as required by 5 U.S.C. § 552(a)(6)(C)(i). *See also, e.g. Ruotolo v. Dep't of Justice*, 53 F.3d 4.8 (2d Cir. 1995) ("[A]dministrative remedies are 'deemed exhausted' if the agency fails to comply with the 'applicable time limit' provisions of the FOIA.").

## FIRST CAUSE OF ACTION

### Violation of the Freedom of Information Act for Failure to Respond Within the Time Required

31. AI Justice repeats, alleges and incorporates the allegations in paragraphs 1-30 as if fully set forth herein.

32. The FOIA requires agencies to determine within twenty days of a request for records whether the agency will comply with the request, and immediately notify the requester of the agency's decision, the reasons therefore, and appeal procedures for adverse determinations. 5 U.S.C. § 552(a)(6)(A)(i).

33. The FOIA further requires agencies to make a determination with respect to any appeal within twenty days after the receipt, and if the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination. 5 U.S.C. § 552(a)(6)(A)(ii).

34. A requestor is deemed to have exhausted administrative remedies if the agency fails to comply with the applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

35. This Court has jurisdiction to enjoin an agency from withholding agency records and to order the production of agency records improperly withheld, after determining the matter *de novo*. 5 U.S.C. § 552(a)(4)(B).

36. Plaintiff AI Justice properly submitted a request to Defendant ICE for records under the FOIA and established that any applicable fees should be waived.

37. After ICE invoked a 10-day extension in both the initial request and the appeal, the deadline for ICE to make a determination passed with no response to AI Justice's FOIA request from ICE, in violation of FOIA.

38. AI Justice further submitted an appeal to ICE regarding its FOIA request and has received no response for nearly three months, in violation of the FOIA.

39. Defendants have violated the applicable statutory time limit for processing of FOIA requests and appeals thereof.

## SECOND CAUSE OF ACTION

### Violation of the Freedom of Information Act
### for Failure to Conduct a Reasonable Search and Disclose Responsive Records

40. AI Justice repeats, alleges and incorporates the allegations in paragraphs 1-39 as if fully set forth herein.

41. Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for and to produce records responsive to AI Justice's FOIA request, and to promptly produce them.

42. Upon information and belief, ICE has not conducted a reasonable search for records responsive to AI Justice's FOIA request.

43. On May 8, 2019, ICE acknowledged its failure to conduct a reasonable search for responsive documents and instructed the ICE FOIA Office that the request to be processed and re-tasked.  *See* Ex. E.  Since that time, AI Justice has not received any substantive communication or production from ICE.

44. Defendants' continued failure to conduct a reasonable search for records responsive to AI Justice's FOIA request and to disclose and release responsive records thus violates 5 U.S.C. § 552(a)(3)(A), (a)(3)(C) and (a)(6)(A), as well as regulations promulgated thereunder.

45. AI Justice has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for and disclose them.

46. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records in violation of the FOIA.  AI Justice will suffer irreparable injury from and have no adequate legal remedy for Defendants' illegal withholding of government documents.  Unless enjoined by this Court, ICE will continue to violate AI Justice's statutory rights to receive records under FOIA.

## THIRD CAUSE OF ACTION

**Defendants Failed to Grant Plaintiffs Public Interest Fee Waiver Request**

47. AI Justice repeats, alleges, and incorporates the allegations in paragraphs 1-46 as if fully set forth herein.

48. The FOIA requires that each agency promulgate regulations specifying the schedule of fees to be charged for processing a FOIA request.  The Act further establishes procedures and guidelines for determining when such fees should be waived or reduced.  5 U.S.C. § 552(a)(4)(A)(i).

49. The regulations must provide that documents "shall be furnished without any charge or at a charge reduced below the fees established . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(A)(iii).

50. AI Justice has sufficiently shown that they seek the requested records because they are in the public interest and contribute significantly to public understanding of the lawfulness of the placement of children who age out of ORR custody.

51. Moreover, an agency may not assess search or duplication fees if the agency fails to comply with any statutory time limit, if no unusual or exceptional circumstances (as those terms are defined in the statute) apply to the processing of the request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

52. AI Justice is independently entitled to obtain the requested records immediately at no cost due to Defendants' failure to respond to its FOIA request within the statutory time limit.

53. AI Justice is further entitled to reasonable costs of litigation, including attorneys' fees, pursuant to 5 U.S.C. § 552(a)(4)(E).

## **PRAYER FOR RELIEF**

**Wherefore**, plaintiff AI Justice respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. declare that Defendants' failure to respond to AI Justice's FOIA request and appeal within the statutory time limit violates the FOIA;

C. declare unlawful Defendants' failure to conduct a reasonable search for records responsive to AI Justice's FOIA request;

D. declare that Defendants' failure to disclose such records violates the FOIA;

E.  order Defendants, including any of their respective components, to conduct a reasonable search responsive to AI Justice's FOIA request;

F.  order Defendants to process immediately and expeditiously AI Justice's FOIA request, and to produce the requested records in their entirety without further delay;

G.  order Defendants to grant AI Justice's fee waiver and waive all fees associated with processing AI Justice's FOIA request;

H.  enjoin Defendants from withholding records responsive to AI Justice's FOIA request;

I.  award AI Justice reasonable attorneys' fees and other litigation costs in accordance with 5 U.S.C. § 552(a)(4)(E); and

J.  grant plaintiff AI Justice all further relief deemed just and proper.

Dated: August 5, 2019

Respectfully submitted,

| | |
|---|---|
| s/Allison Norris | s/ Lisa Lehner |
| Allison Norris | Lisa Lehner |
| Florida Bar No. 117864 | Florida Bar No. 382191 |
| AMERICANS FOR IMMIGRANT JUSTICE | AMERICANS FOR IMMIGRANT JUSTICE |
| 6355 NW 36 Street, Suite 2201 | 6355 NW 36 Street, Suite 2201 |
| Miami, FL 33166 | Miami, FL 33166 |
| Phone: (305) 573-1106 Ext. 1992 | Phone: (305) 573-1106 Ext. 1020 |
| Fax: (305) 576-6273 | Fax: (305) 576-6273 |
| E-mail anorris@aijustice.org | E-mail llehner@aijustice.org |